LIAN RU WANG, Petitioner,

v.

Peter D. KEISLER, Acting U.S. Attorney General,[1] Respondent.

No. 06–1829–ag.

United States Court of Appeals, Second Circuit.

Oct. 29, 2007.

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Lian Ru Wang, pro se, New York, NY, for Petitioner.

David N. Kelley, United States Attorney, Southern District of New York; Jim M. Greenlee, United States Attorney; John E. Gough, Jr., Assistant United States Attorney, Northern District of Mississippi, Oxford, MS, for Respondent.

PRESENT: Hon. JON O. NEWMAN and Hon. JOSÉ A. CABRANES, Circuit Judges.[2]

## SUMMARY ORDER

Petitioner Lian Ru Wang, a native and citizen of the People's Republic of China, seeks review of a March 20, 2006 order of the BIA affirming the April 19, 2004 decision of Immigration Judge ("IJ") Paul A. Defonzo denying Wang's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lian Ru Wang*, No. A 95 161 166 (B.I.A. Mar. 20, 2006), *aff'g* No. A 95 161 166 (Immig. Ct. N.Y. City Apr. 19, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007) (en banc). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339–40 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

**2.** Judge Debra Ann Livington, originally a member of this panel, recused herself from this case. Accordingly, the case is decided by the remaining panel members, who are in agreement, in accordance with § 0.14(b) of the rules of this Court.

In *Shi Liang Lin,* the Court concluded that the statutory scheme under IIRIRA § 601(a) "unambiguously dictates that applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer." 494 F.3d at 308. Thus, Wang was not entitled to asylum based solely on his wife's alleged forced abortion, regardless of their marital status. *Id.* Moreover, Wang does not allege, nor is there any indication in the record, that he was persecuted for his own resistance to a coercive population control program. 8 U.S.C. § 1101(a)(42)(B).

Even if Wang had refused to pay the fine out of opposition to China's birth control policy and that act was considered an attempt to "interfere with enforcement of government policy," he failed to establish that any consequences of his actions rose or would rise to the level of persecution. *See Matter of S–L–L–,* 24 I. & N. Dec. 1, 10 (BIA 2006); *see also Matter of T–Z–,* 24 I. & N. Dec. 163, 169 (BIA 2007); *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006) (holding that to constitute persecution, the harm must rise above "mere harassment"). Further, Wang has not argued or alleged any facts indicating that he suffered or fears persecution on any other basis. *See Shi Liang Lin,* 494 F.3d at 307–08 ("For an asylum applicant who does not fall within th[e] limited exception [of INA § 610(a) ], the burden remains on the applicant—and the opportunity remains open—to demonstrate, in light of the particular facts of the case, that he has (i) a well-founded fear of personal persecution (ii) based on political opinion or some other impermissible ground."). As such, the agency properly dismissed Wang's appeal. Thus, we need not reach the agency's adverse credibility finding. *Cf. Xiao Ji Chen,* 471 F.3d at 339–40 (avoiding remand where it can be "confidently predicted" that the agency would reach the same conclusion, absent any error).

Because Wang was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on his claim for withholding of removal, to the extent that it rested on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Lastly, because Wang failed to challenge in his brief to the BIA the IJ's denial of his request for relief under the CAT, we lack jurisdiction to review any such arguments. 8 U.S.C. § 1252(d)(1); *see also Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006) (citing *Beharry v. Ashcroft,* 329 F.3d 51, 59 (2d Cir.2003)).

For the foregoing reasons, the petition for review is DENIED, in part, and DISMISSED, in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).